**AMY JOSEPH PEDERSEN, OSB No. 85395**
   ajpedersen@stoel.com
   Direct: (503) 294-9408
**KURT E. BARKER, OSB No. 01197**
   kebarker@stoel.com
   Direct: (503) 294-9271
STOEL RIVES LLP
   900 SW 5th Street, Suite 2600
   Portland, OR 97204
   Facsimile: (503) 220-2480

**THOMAS V. LORAN III, CSB No. 95255** (*Pro Hac Vice* Application Pending)
   thomas.loran@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
   50 Fremont Street
   Post Office Box 7880
   San Francisco, CA 94120-7880
   Telephone: (415) 983-1000
   Facsimile: (415) 983-1200

Attorneys for Plaintiff Diversified
Collection Services, Inc.

FILED'06 MAR 24 14:56USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| DIVERSIFIED COLLECTION SERVICES, INC., a Nevada corporation,<br><br>                   Plaintiff,<br><br>  vs.<br><br>MARY ANN HAVENS; CAROL S. YAKEL; and WEST ASSET MANAGEMENT, INC., a Delaware corporation,<br><br>                   Defendants. | CV No. 06-03013 CO<br><br>TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |

1 - **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**
Portlnd3-1544268.1 0099999-00006

This matter came before the Court on plaintiff's motion for temporary restraining order and order to show cause as to defendants Carol Yakel and Mary Ann Havens on March 20, 2006. The Court reviewed plaintiff's motion and supporting memoranda, the complaint, the declarations of Jon Shaver, Kurt Chapman, Danielle Carter, Patricia Fulton, Tami Lucas, Dennis Armstrong and Amy Joseph Pedersen, and heard oral argument. The Court had previously continued this hearing to permit defendants Yakel and Havens sufficient time to obtain counsel and the Court is satisfied that defendants received appropriate notice of this hearing prior to the hearing. Defendants Yakel and Havens appeared through their attorney Brad Litchfield. Defendant West Asset Management, Inc. appeared through its attorney Craig Capon. Plaintiff appeared through its attorneys Amy Joseph Pedersen and Kurt Barker.

It appears to the satisfaction of the Court that Havens and Yakel are parties to agreements with their former employer Diversified Collection Services, Inc. ("DCS") that prohibit them from soliciting, directly or indirectly, employees of DCS for one year after the termination of their employment and that, unless the temporary restraining order is issued, the defendants and/or persons acting in concert with them will continue to breach these obligations and interfere with DCS' contractual arrangements with its employees and that irreparable injury will be caused to plaintiff in the event a restraining order is not issued against defendants. The Court being fully advised, it is hereby

ORDERED that, except as provided below, from the date below until May 30, 2006, which is the date for the hearing of DCS' preliminary injunction motion as agreed by the attorneys for the respective parties, defendants Mary Ann Havens and Carol Yakel and all persons or entities acting in privity, concert or participation with any of them who have notice of this order are enjoined from:

1) directly or indirectly soliciting any DCS employee to work for another employer;

2) providing any information to any potential employer about any current DCS employee related to that person's employment or employability.

Nothing is this Order prohibits WAM from engaging in lawful recruiting activities with respect to anyone so long as WAM does not employ Havens or Yakel, either directly or indirectly, or use information about DCS and/or its employees obtained from Havens or Yakel in those activities.

IT IS FURTHER ORDERED that defendants appear before the Honorable Ancer Haggerty, Judge of the above-entitled court at 9:00 a.m. on the 30th day of May 2006, then and there to show cause, if any there be, why a Preliminary Injunction should not be issued enjoining and restraining defendants and all persons acting in concert or participation with them who have notice of the Court's Order, from directly or indirectly engaging in the conduct described above.

IT IS FURTHER ORDERED that plaintiff's Motion for Expedited Discovery is granted except that, with respect to scheduling, the parties shall confer and cooperate in good faith in setting a schedule for document production, responses to interrogatories and depositions.

DATED: March 24, 2006.

_____
Honorable Ancer Haggerty
U.S. District Court Judge

Presented by:

STOEL RIVES LLP